891 F.2d 295
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Roger JONES, Plaintiff-Appellant,
v.
Kenneth DUCHARME, Defendant-Appellee.
 No. 88-4450.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 31, 1989.*
Decided Dec. 7, 1989.
 
 Before BROWNING, SCHROEDER, and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant William Roger Jones, an inmate at Washington State Reformatory (WSR), filed this action pursuant to 42 U.S.C. § 1983, alleging prison officials violated his eighth amendment right against cruel and unusual punishment by declaring him eligible for double-bunking. He alleges the nature of his crime (murder and rape) and his status as an informer put him at so great a risk that WSR officials knew or should have known that double-bunking would impair his personal safety. The district court determined the action to be frivolous and dismissed the complaint and the action without prejudice pursuant to 28 U.S.C. § 1915(d), stating "[p]laintiff's complaint is both premature and speculative. At this time, plaintiff has only been identified as a candidate for placement in a double cell."
 
 
 3
 A complaint is "frivolous" under 28 U.S.C. § 1915(d) only if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989); Jackson v. State of Arizona, No. 88-1550 slip op. 11609, 11612 (9th Cir. Sept. 18, 1989). This court reviews such a determination de novo. Id.
 
 
 4
 Prior to dismissal, Jones sought leave to amend to allege he had already been double bunked. The district court declined to consider Jones' proposed amendment. We reverse and remand to afford Jones an opportunity to amend. Jones now may be able to assert facts that would demonstrate that his complaint is not premature and speculative.
 
 
 5
 To state a cause of action, Jones must allege not only that he has in fact been double bunked, but also that the double bunking has caused a specific and tangible risk to his safety. See 18 Unnamed "John Smith" Prisoners v. Meese, 871 F.2d 881, 883 (9th Cir.1989) (threatened injury need not be consummated, but must be "certainly impending") (quoting Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 581 (1985)). Upon remand, the district court should also determine whether Jones' claims have been rendered moot by subsequent proceedings in Collins v. Thompson, C78-79V.
 
 
 6
 Reversed and Remanded.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3